IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HELFRICH,

    Petitioner,

v.

WARDEN R.D. KEYES,

    Respondent.

OPINION and ORDER

23-cv-68-jdp

---

Petitioner Richard Helfrich, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Helfrich is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, serving a 100-month sentence for conspiracy to distribute methamphetamine. *See United States v. Helfrich*, Case No. 16-CR-3046 (N.D. Iowa). Helfrich contends that he is entitled to sentence credit under the First Step Act that would entitle him to imminent release.

I will deny Helfrich's petition as moot. During the briefing of Helfrich's petition, the Bureau granted Helfrich the relief he sought by applying 365 days of First Step Act time credit to his sentence, the maximum credit that the law allows. *See* 18 U.S.C. § 3624(g)(3). Helfrich's release date was moved forward by 365 days, resulting in a new projected release date of November 7, 2023. In March 2023, FCI Oxford referred Helfrich for placement in a halfway house. Placement approval was pending as of when respondent filed its brief. *See* Dkt. 7, at 3. My own review of the bureau's inmate locator website shows that Helfrich is still incarcerated at FCI Oxford as of May 2023. But the First Step Act doesn't entitle Helfrich to placement in prerelease custody at this time. An inmate can apply a maximum of 365 days of time credit to their sentence, and those credits may be applied to *either* supervised release or transfer to pre-

release custody. 18 U.S.C. § 3632(d)(4)(C); *see O'Bryan v. Cox*, Civ. No. 21-4052, 2021 WL 3932275, *4 (D.S.D. Sept. 1, 2021) ("Whether [] time credits are applied for pre-release custody or transfer to supervised release is by statute within the discretion of the Bureau of Prisons."). The bureau already applied Helfrich's credits toward moving up the date he begins supervised release, so Helfrich cannot apply additional time credits to placement in prerelease custody prior to his new release date.

Helfrich did not file a reply brief, and he withdrew his inmate complaint about his time credits because the issue had been resolved. Dkt. 9-2, at 2. Helfrich has received the relief he sought, so I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner Richard Helfrich's petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED. The clerk of court is directed to enter judgment and close this case.

Entered June 9, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge